NO. 13-344

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **In re:** | ) | Case No. 12-08130-8-JRL |
| | ) | |
| **HAYWOOD STANLEY RUDD,** | ) | Chapter 7 |
| | ) | |
| **Debtor.** | ) | |

ON THE TRUSTEE'S PETITION FOR PERMISSION TO APPEAL FROM AN ORDER
OF THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

DEBTOR'S ANSWER TO
TRUSTEE'S PETITION FOR PERMISSION TO APPEAL
FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

NOW COMES Haywood Stanley Rudd, Chapter 7 Debtor (the "Debtor" or "Respondent"), by and through the undersigned counsel, and pursuant to Rule 5(b)(2) of the Federal Rules of Appellate Procedure, submits this Answer to the Trustee's Petition for Permission to Appeal From an Order of the United States Bankruptcy Court for the Eastern District of North Carolina filed with this honorable Court on August 16, 2013 (the "Petition"). As set forth in more detail below, the Debtor does not oppose the Petition for a direct appeal to this Court, but does dispute and object to certain of the statements made in the Petition, and certainly opposes the relief sought by the Petitioner, George M. Oliver, Chapter 7 Trustee (the "Trustee" or "Petitioner"), in the appeal. In support thereof, the Debtor shows unto the Court the following:

# 3449696_2.Docx

### I.  FACTS NECESSARY TO UNDERSTAND THE QUESTION PRESENTED

1. The Trustee has included in the Petition certain facts necessary for this Court to understand the questions presented as required by Federal Rule of Appellate Procedure 5(b)(1)(A), most of which are acceptable to the Debtor as stated. In a limited number of instances, however, additional facts or clarification of facts asserted by the Trustee are necessary.

2. The Petition provides that the Debtor claimed an exemption in an RBC Wealth Management Simple IRA (the "RBC IRA") with a scheduled value of $249,973.91. However, the scheduled value of the IRA was actually $246,973.91 as reflected in Schedule B and Schedule C of the Schedules filed with the Debtor's Bankruptcy Petition.

3. The Petition provides that the Debtor claimed the entire balance of the RBC IRA as exempt from the claims of creditors under N.C. Gen. Stat. § 1C-1601(a)(9) and 11 U.S.C. § 522. However, in addition to the statutes referenced in the Petition, the Debtor asserts that the IRA is presumed to be exempt pursuant to 11 U.S.C. § 522(b)(4)(A) as it received a favorable determination under 26 U.S.C. § 7805 as was evidenced by the RBC SIMPLE IRA Custodial Agreement and Disclosure Statement.

4. The Trustee asserts that the Debtor's personal use of the RBC IRA funds constitutes a prohibited transaction within the meaning of 26 U.S.C. § 4975(1)(D). However, the Trustee ignores the fact that North Carolina General Statute 1C-1601(a)(9) references 26 U.S.C. § 408, a section of the Internal Revenue Code. Internal Revenue Code § 408(d)(3) specifically provides for the withdrawal of funds from an IRA for any purpose and the return of funds to an IRA within 60 days without loss of the IRA's exempt status. Furthermore, this type of distribution is specifically described in and allowed by the Bankruptcy Code pursuant to 11 U.S.C. § 522(b)(4)(D)(ii).

5.      Section 408 of the Internal Revenue Code provides that a distribution from an IRA is not included in the gross income of the distributee if the entire amount received (including money and any other property) is paid into an individual retirement account or an individual annuity (other than an endowment contract) for the benefit of such individual not later than the 60th day after the day on which he received the payment or distribution (the "60-Day Rollover Rule").  26 U.S.C. § 408.  The Bankruptcy Code contains a similar provision in 11 U.S.C. § 522(b)(4)(D).  Since the Debtor submitted the $25,000 to RBC for deposit into the RBC IRA within 60 days of withdrawing the same, the transaction in question did not change the nature of any portion of the RBC IRA as an exempt asset.

6.      The Trustee suggests that this Court should accept the Petition because the Eleventh Circuit Court of Appeals previously affirmed decisions of the Bankruptcy Court for the Southern District of Florida and the District Court for the Southern District of Florida in which a debtor's claimed exemption of IRA funds under similar facts was denied.  *See In re Willis*, 2009 Bankr. LEXIS 2160 (Bankr. S.D. Fla. 2009).  *See also Willis v. Menotte (In re Willis)*, 2010 U.S. Dist. LEXIS 44773 (S.D. Fla. 2010), *aff'g* 2009 Bankr. LEXIS 2160 (Bankr. S.D. Fla. 2009); *See also Willis v. Menotte (In re Willis)*, 424 Fed. Appx. 880 (11th Cir. 2011), *aff'g* 2010 U.S. Dist. LEXIS 44773 (S.D. Fla. 2010).  The Trustee's continued reliance on the *Willis* case is misplaced as the facts of the *Willis* case are clearly distinguishable from those before this Court.  Importantly, the transaction which the *Willis* court determined to be a prohibited transaction did not involve a 60 day rollover as provided in 26 U.S.C. §408 and 11 U.S.C. § 522.  As such, the *Willis* case, upon which the Trustee relies in petitioning this Court to accept the appeal, is factually distinguishable as it did not involve the 60-Day Rollover Rule nor did it address the

# 3449696_2.Docx

statutes involving the 60-Day Rollover Rule that were thoroughly analyzed by the Bankruptcy Court in the Order being appealed to this Court.

## II. THE QUESTIONS PRESENTED BY THE TRUSTEE

7. The Trustee has included in the Petition two questions to be addressed by the Court as required by Federal Rule of Appellate Procedure 5(b)(1)(B). The Debtor believes that the first Question Presented is subsumed within the second Question Presented, and as such the first Question Presented is superfluous and unnecessary.

## III. THE RELIEF SOUGHT

8. The Trustee has included in the Petition the relief sought from this Court as required by Federal Rule of Appellate Procedure 5(b)(1)(C). The Debtor does not dispute this requirement has been met.

## IV. REASONS THE APPEAL SHOULD BE ALLOWED AND IS AUTHORIZED BY A STATUTE OR RULE

9. The Trustee has included in the Petition the reasons he believes this appeal should be allowed and is authorized by a statute or a rule as required by Federal Rule of Appellate Procedure 5(b)(1)(D). The Debtor does not dispute that a direct appeal to the Fourth Circuit Court of Appeals should be allowed as there is both a question of law with no controlling decision in this Court and the issues presented in the case involve matters of public importance. As noted above, however, the Trustee relies heavily upon the *Willis* case which is factually distinguishable from the case at bar. The transaction that the *Willis* court determined to be a prohibited transaction did not involve the 60-Day Rollover Rule. Moreover, the Trustee ignores the fact that the Order from which the Trustee appeals discusses in detail specific statutory provisions addressing and implementing the 60-Day Rollover Rule.

# 3449696_2.Docx

V.     **ORDER OF LOWER COURT**

10.     The Trustee has attached to the Petition copies of (1) the Order complained of; and (2) the Bankruptcy Court Order certifying an appeal directly to this Court as required by Federal Rule of Appellate Procedure 5(b)(1)(E). The Debtor does not dispute that this requirement has been met.

WHEREFORE, based upon the foregoing, the Debtor objects in part to the Petition and requests that the Court enter an order consistent with this Answer.

Respectfully submitted, this the 28th day of August, 2013.

                SMITH, ANDERSON, BLOUNT, DORSETT,
                   MITCHELL & JERNIGAN, L.L.P.

      /s/ Amos U. Priester, IV
Amos U. Priester, IV
NC State Bar No. 10481
Email: apriester@smithlaw.com
Wayne K. Maiorano
NC State Bar No. 25705
Email: wmaiorano@smithlaw.com
Anna B. Osterhout
NC State Bar No. 19841
Email: aosterhout@smithlaw.com
Attorneys for Debtor
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone:     (919) 821-1220
Facsimile:     (919) 821-6800

# 3449696_2.Docx

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the date below, a copy of the foregoing **DEBTOR'S ANSWER TO TRUSTEE'S PETITION FOR PERMISSION TO APPEAL FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA** was served on the parties named below in the manner indicated.

### VIA CM/ECF and U.S. First Class Mail, postage pre-paid

| | |
|---|---|
| George Mason Oliver<br>Chapter 7 Trustee<br>P. O. Box 1548<br>New Bern, NC  28563<br>Email: gmo@ofc-law.com | Amy Marvine Currin<br>Oliver Freisen & Cheek<br>P. O. Box 1548<br>New Bern, NC  28563<br>Email: amc@ofc-law.com |

### VIA U.S. First Class Mail, postage pre-paid

H. Stanley Rudd
2548 Sloop Landing
Wilmington, NC  28409


Dated:  August 28, 2013.

                SMITH, ANDERSON, BLOUNT, DORSETT,
                  MITCHELL & JERNIGAN, L.L.P.


                /s/ Anna B. Osterhout
                Anna B. Osterhout
                NC State Bar No. 19841
                Email: aosterhout@smithlaw.com
                Attorneys for Debtor
                Post Office Box 2611
                Raleigh, North Carolina 27602-2611
                Telephone:    (919) 821-1220
                Facsimile:    (919) 821-6800

# 3449696_2.Docx